# EXHIBIT "A"

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

AMBER KORNREICH
   Plaintiff

v.

QUALITY ASSET RECOVERY, LLC
   Defendant

No.  GD-17-010631

Type of Pleading:

**COMPLAINT IN CIVIL ACTION**

Filed on behalf of Plaintiff,

AMBER KORNREICH

Counsel of Record

Victoria G. Wellstead, Esquire
PA ID No. 323269

Mark G. Moynihan, Esquire
PA ID No. 307622

Moynihan Law, P.C.
112 Washington Place, Suite 230
Pittsburgh, PA 15219
(412) 889-8535

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

AMBER KORNREICH                                    Case No.: GD-17-010631
    Plaintiff

v.

QUALITY ASSET RECOVERY, LLC
    Defendant

### NOTICE TO DEFEND

You have been sued in Court.  If you wish to defend again the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ON AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service, The Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue, Pittsburgh, PA 15219
Telephone: (412) 261-5555

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

AMBER KORNREICH                                    No. GD-17-010631
    Plaintiff

v.

QUALITY ASSET RECOVERY, LLC
    Defendant

## <u>COMPLAINT</u>

### INTRODUCTION

1.      Defendant, QUALITY ASSET RECOVERY, LLC wrongfully mailed a letter to AMBER KORNREICH, plaintiff, which did not identify her alleged creditor.

2.      As a direct and foreseeable result of Defendant's wrongful actions, Plaintiff suffered injury and actual damages including, but not limited to, anger, confusion, frustration, and worry, among other injuries.

3.      This is a consumer protection action for actual damages, statutory damages, attorney fees and costs brought by Plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

4.      According to 15 U.S.C. § 1692:

    a.   There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.  Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.  Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.  Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.  It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

5.      Communications from lenders to debtors are to be construed from the perspective of the "least sophisticated debtor." *Brown,* 464 F.3d at 454.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction.  15 U.S.C. § 1692k(d).

7.      Venue and personal jurisdiction in this county are proper because the Defendant transacts business within this county.  Pa.R.C.P 2179(a)(2)

## PARTIES

8.      Plaintiff, Amber Kornreich, is a natural person who resides in Warren County, Pennsylvania and is a consumer as defined by 15 U.S.C §1692(a)(2).

9.     Defendant, is a business entity with offices at 7 Foster Ave #101, Gibbsboro, NJ 08026.

10.    Defendant, Quality Asset Recovery, LLC, ("QAR") is a "debt collector" as defined by § 1692a (6) of the FDCPA because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

### STATEMENT OF CLAIM

11.    Plaintiff Amber Kornreich, ("Kornreich"), allegedly incurred a debt (the "Debt") at Warren General Hospital.

12.    The Debt was primarily for personal, family or household purposes, and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a (5).

13.    QAR sent a collection letter (the "Letter") to Kornreich on or about July 28, 2016 in an attempt to collect the debt.

14.    Upon information and belief, the Letter was the first communication from QAR to the Plaintiff with regard to the Debt.

15.    Kornreich received the letter and read it and was confused by it.

16.    The Letter designates the creditor as, "Facility: Warren General Hospital."

17.    Although the Letter identifies which facility the alleged debt was incurred from, the Letter fails to explicitly or implicitly identify the current creditor.

18.    The Plaintiff, as would the least sophisticated consumer, was confused as to what creditor and what charge or service QAR was attempting to collect for.

19.    Pursuant to 15 U.S.C. §1692g, a debt collector is required in the initial communication with a consumer, to identify the name of the creditor to whom the debt is owed.

20.     This obligation is not only to identify the name of the creditor, but to convey the name of the creditor clearly and explicitly.

21.     The 3rd Circuit has made it clear that " [I]n order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter, the required notice must also be conveyed effectively to the debtor." *See Graziano v. Harrison, 950 F.2d107,111 (3rd Cir 1991)*.  The notice required by the FDCPA "is to be interpreted from the perspective of the 'least sophisticated debtor.'" *Graziano, 950 F.2d at 111*.

22.     QAR's naming merely the "Facility" as the creditor does not convey who the current creditor is to whom a debt may be owed.

*23.*     Congress scripted the debt validation requirements of 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. *Wilson, 225 F.3d 354 citing Miller v. Payco-General Am. Credits, Inc., 943 F. 2d 482,484 (4th Cir. 1991)*.

24.     Moreover, it was the intent of Congress to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect a debt that was already paid." S.REP. No. 95-382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N.1695,1699.

25.     Consumers are afforded powerful rights under Section 1692g(a) to allow them to know exactly who a creditor with an alleged claim against them is.

26.     By naming only the general facility, the defendant violated the FDCPA and harmed the Plaintiff.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS

### 15 U.S.C. §1692e *et seq.*

27.     Plaintiff incorporates by reference the above paragraphs as though set forth at length herein.

28.     A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt 15 U.S.C. §1692e.

29.     Defendant, QAR, violated §1692e (10) by making a false or misleading representation or means in connection with the collection of any debt.

30.   By reason thereof, Defendant is liable to Plaintiff for conduct in violation of Section 1692e, for actual damages, statutory damages, costs and attorney's fees.

## COUNT II

## FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS

### 15  S.C.  §1692g et seq.

31.   Plaintiff incorporates by reference the above paragraphs as though set forth at length herein.

32.   Defendant's debt collection toward Plaintiff violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §1692g.

33.   The FDCPA, §1692g requires a debt collector:

(a) Within five days after the initial communications with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing

(1) The amount of the debt:

(2) The name of the creditor to whom the debt is owed;

(3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) A statement that if the consumer notifies the debt collector in writing within a thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) A statement that, upon the consumer's written request within the thirty -day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

34.     Defendant violated 1692g(a)(2) by failing to name the creditor to whom the alleged debt was owed.

35.     By reason thereof, Defendant is liable to Plaintiff for conduct in violation of Section 1692g, for actual damages, statutory damages, costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment, within the arbitration limits of this court, against Defendant for:

a.   Damages;

b.   Attorneys' fees and costs; and

c.   Such other and further relief as the Court shall deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action if appealed or removed.

Respectfully submitted,

Dated: November 22, 2017          By:    /s/ Victoria G. Wellstead
                                         112 Washington Place, Suite 230
                                         Pittsburgh, PA 15219
                                         Phone: 412-889-8535
                                         Email: Victoria@moynihanlaw.net
                                         Attorneys for Plaintiff

## VERIFICATION

The undersigned, Victoria G. Wellstead, hereby states that he is the attorney for Plaintiff in this action and verifies that the statements made in the foregoing complaint are true and correct to the best of his knowledge, information and belief.  By virtue of the fact that the verification cannot be obtained within the time allowed for the filing of this complaint, the complaint is submitted by counsel having sufficient knowledge, information and belief based upon the information provided to him by the Plaintiff and based upon his own personal knowledge.  Plaintiff will provide a verification signed by Plaintiff upon request by Defendant. The statements are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Victoria G. Wellstead, Esquire